UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-0710 AG (JCG) | Date | March 5, 2013 |
|---|---|---|---|
| Title | Leon Banks v. John Doe, *et al.* | | |

| Present: The Honorable | **Jay C. Gandhi, United States Magistrate Judge** | |
|---|---|---|
| Beatriz Martinez | None Appearing | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: | |
| None Appearing | None Appearing | |

**Proceedings:** **(IN CHAMBERS) ORDER DISMISSING COMPLAINT WITH LEAVE TO FILE A FIRST AMENDED COMPLAINT**

## I.    Introduction

On February 21, 2013, plaintiff Leon Banks ("Plaintiff"), a California prisoner proceeding *pro se*, filed a civil rights complaint ("Complaint") pursuant to 42 U.S.C. § 1983. The Complaint alleges excessive force and inadequate medical treatment claims against six "John Does" and one "Jane Doe" (collectively, "Doe Defendants"), all of whom are Deputies employed by the "Los Angeles County Jail [at] 441 Bauchet Street[.]" (Compl. at 2-3.) The Doe Defendants are sued in their individual and official capacities. (*Id.* at 3-5.)

As currently pled, the Complaint warrants dismissal, but Plaintiff is afforded leave to amend.

## II.    Allegations of the Complaint

In sum, Plaintiff alleges that on or around March 18, 2009, at "the Los Angeles County Jail[,]" the Doe Defendants "beat [him] by kicking and punching him in the face and back area [with] metal batons[.]" (Compl. at 6.) Specifically, Plaintiff claims that while he was en route "to the pass" during "med-call[,]" Jane Doe approached him on two separate occasions and inquired about a Bible he was holding in his hand. (*Id.* at 7-8.) Plaintiff told Jane Doe "that [he] was 'not' violating any jail rules by having the Bible[.]" (*Id.* at 8.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-0710 AG (JCG) | Date | March 5, 2013 |
|---|---|---|---|
| Title | Leon Banks v. John Doe, *et al.* | | |

Then, Jane Doe told Plaintiff "to take off [his] shoes and to drop [his] Bible." (*Id.*) Immediately thereafter, the Doe Defendants "approached [him] and attacked [him] because [he] still had the Bible." (*Id.*) The Doe Defendants "beat [Plaintiff] in the head and back area" and "pepper sprayed [him] in the face." (*Id.*) Plaintiff alleges that he "[laid] flat on the floor with [his] hands behind his back" during the assault and never resisted the Doe Defendants. (*Id.*)

Immediately thereafter, the Doe Defendants "dragged [Plaintiff] down the hallway[,]" placed him in segregation, and "denied [him] proper medical treatment." (*Id.* at 9.)

Based on these allegations, Plaintiff advances excessive force and inadequate medical care claims under the Fourth, Eighth and Fourteenth Amendments and seeks compensatory and punitive damages totaling $1,800,000. (*Id.* at 6, 10.)

## III. Legal Standards

The Prison Litigation Reform Act obligates the Court to review complaints filed by all persons proceeding *in forma pauperis*, and by prisoners seeking redress from governmental entities. *See* 28 U.S.C. §§ 1915(e)(2), 1915A. Under these provisions, the Court may *sua sponte* dismiss, "at any time," any prisoner civil rights action and all other *in forma pauperis* complaints which are frivolous or malicious, fail to state a claim, or seek damages from defendants who are immune. *Id.*; *see also Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000).

The dismissal for failure to state a claim "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). In making such a determination, a complaint's allegations must be accepted as true and construed in the light most favorable to plaintiff. *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1990). However, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. A claim has facial plausibility when the plaintiff pleads enough factual

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-0710 AG (JCG) | Date | March 5, 2013 |
|---|---|---|---|
| Title | Leon Banks v. John Doe, *et al.* | | |

content to allow a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### IV. Plaintiff Fails to State an Official Capacity Claim Against the Doe Defendants

Plaintiff has sued the Doe Defendants in their official capacities. (Compl. at 3-5.) "Official-capacity damages claims against individual municipal officers are claims against the municipality itself." *Hill v. Baca*, 2010 WL 1727655, at *5 (C.D. Cal. Apr. 26, 2010); *see Monell v. Dep't of Soc. Serv. of N.Y.*, 436 U.S. 658, 690 n. 55 (1978).

A local government entity, however, "may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom . . . inflicts the injury that the government as an entity is responsible under § 1983." *Monell*, 436 U.S. at 694. Thus, a plaintiff must establish that "the action that is alleged to be unconstitutional implements or executes a policy . . . , ordinance, regulation, or decision officially adopted and promulgated by" the municipality, or that the action was "visited pursuant to a governmental 'custom[.]'" *Id.* at 690-91. In other words, a plaintiff must show that "deliberate action[,] attributable to the municipality itself[,] is the 'moving force' behind the plaintiff's deprivation of federal rights." *Board of Cnty. Com'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 400 (1997).

Here, Plaintiff fails to identify any policy, ordinance, or custom of Los Angeles County (or the Los Angeles County Sheriff's Department) that was the "moving force" behind a deprivation of Plaintiff's constitutional rights. Indeed, Plaintiff fails to identify any policy, ordinance or custom *at all* in his Complaint for any purpose.

Accordingly, Plaintiff has failed to state an official capacity claim against the Doe Defendants. If Plaintiff chooses to amend the Complaint, he should not re-allege these claims unless he has a good faith belief that he can meet the standards discussed above.

### V. Doe Defendants

Plaintiff names no defendants in his Complaint. "As a general rule, the use of 'John Doe' to identify a defendant is not favored." *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). "However ..., where the identity of alleged defendants will not be known prior to the filing of a complaint ..., the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-0710 AG (JCG) | Date | March 5, 2013 |
|---|---|---|---|
| Title | Leon Banks v. John Doe, *et al.* | | |

would not uncover the identities, or that the complaint would be dismissed on other grounds." *Id.*; *see also Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999).

Accordingly, Plaintiff will be given the opportunity to discover the names of the Doe Defendants and amend his Complaint. Plaintiff should act diligently in conducting such investigation, as the Court will only grant extensions of time upon a showing of good cause.

Further, Plaintiff is advised that without *any* named defendants, the Court cannot order service of the Complaint. *See Augustin v. Dep't of Public Safety*, 2009 WL 2591370, at *3 (D. Hawai'i Aug. 24, 2009); *see also Soto v. Board of Prison Term*, 2007 WL 2947573, at *2 (E.D.Cal. Oct. 9, 2007). Consequently, if Plaintiff files an amended complaint that only names doe defendants, such complaint will be subject to dismissal. *See Williams v. Schwarzenegger*, 2006 WL 3486957, at *1 (E.D.Cal. Dec. 1, 2006).

## VI. Plaintiff Fails to Sufficiently Allege an Excessive Force Claim

"[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is ...: whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992). Factors relevant to the analysis include: "the extent of injury," "the need for application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.'" *Id.* (internal citation omitted).

Here, Plaintiff generally alleges that the Doe Defendants "beat [Plaintiff] by kicking and punching him in the face and back area [with] metal batons" and "pepper sprayed [him] in the face." (Compl. at 6, 8.) Plaintiff provides no other details about the assault, including what injuries he suffered, the extent of force that was used, *etc*. Plaintiff has simply not alleged enough to allow the Court to draw the reasonable inference that any of the Doe Defendants are liable for the misconduct alleged. *See Iqbal*, 129 S.Ct. at 1949; *see also Hudson,* 503 U.S. at 6-7.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-0710 AG (JCG) | Date | March 5, 2013 |
|---|---|---|---|
| Title | Leon Banks v. John Doe, *et al.* | | |

The Court thus finds that Plaintiff has failed to state a plausible excessive force claim under the Eighth Amendment.[1]

## VII. Plaintiff Fails to Sufficiently Allege an Inadequate Medical Treatment Claim

To state a claim for inadequate medical treatment under the Eighth Amendment, a plaintiff must prove that defendants acted with "deliberate indifference to [his] serious medical needs." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). The plaintiff must first establish a "serious medical need by demonstrating that [the] failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain." *Id.* (citation omitted). The plaintiff must then show that defendants' response to the medical need was deliberately indifferent. *Id*. To show deliberate indifference, a prisoner must show (a) a purposeful act or failure to respond to the prisoner's pain or possible medical need, and (b) harm caused by the indifference. *Id.*

However, "[m]ere indifference, negligence, or medical malpractice" is not enough. *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980) (citation omitted). "A defendant must purposefully ignore or fail to respond to a prisoner's pain or possible medical need in order for deliberate indifference to be established." *McGuckin v. Smith*, 974 F.2d 1050, 1060 (9th Cir. 1992), *overruled in part on other grounds by WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997).

Here, similar to his excessive force claim, Plaintiff provides no detail about the injuries he suffered, or the inadequate medical treatment he allegedly received. In fact, all Plaintiff alleges is that the Doe Defendants "denied [him] proper medical treatment" following his assault. (Compl. at 9.) This is not enough to state a plausible claim under the Eighth Amendment.[2]

---

[1] The Court notes that it is unclear whether Plaintiff also seeks to advance an excessive force claim under the Fourth Amendment. However, the Court will not address the Fourth Amendment as Plaintiff alleges no facts indicating that the Doe Defendants engaged in a search and seizure of Plaintiff.

[2] Plaintiff's inadequate medical care claim is governed by the Eighth Amendment and not the Fourteenth Amendment. *See, e.g.*, *Lolli v. Cnty. of Orange*, 351 F.3d 410, 418-19 (9th Cir. 2003) ("Claims of failure to provide care for serious medical needs, when brought by a detainee such as [plaintiff] who has neither been charged nor convicted of a crime, are analyzed under...the Fourteenth Amendment."); *Freeland v. Sacramento City Police Dept.*, 2010 WL 409737 at *8 (E.D. Cal. Jan. 29, 2010) (noting that the Eighth Amendment protects prison inmates from the denial of medical care while

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-0710 AG (JCG) | Date | March 5, 2013 |
|---|---|---|---|
| Title | Leon Banks v. John Doe, *et al.* | | |

Accordingly, the Court finds that Plaintiff has failed to state an inadequate medical treatment claim.

### VIII. Leave to File an Amended Complaint

As the Court is unable to determine whether amendment to the Complaint would be entirely futile, leave to amend is granted in an abundance of caution. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).

Accordingly, **IT IS ORDERED THAT**:

1) Within **30 days of the date of this Order**, Plaintiff may submit a First Amended Complaint to cure the deficiencies discussed above. The Clerk of Court is **DIRECTED TO** mail Plaintiff a court-approved form to use for filing the First Amended Complaint. **If Plaintiff fails to use the court-approved form, the Court may strike the First Amended Complaint and dismiss this action**.

2) If Plaintiff chooses to file a First Amended Complaint, he must comply with Federal Rule of Civil Procedure 8, and contain short, plain statements explaining: (a) the constitutional right Plaintiff believes was violated; (b) the name of the defendant who violated that right; (c) exactly what that defendant did or failed to do; (d) how the action or inaction of that defendant is connected to the violation of Plaintiff's constitutional right; and (e) what specific injury Plaintiff suffered because of that defendant's conduct. *See* Fed. R. Civ. P. 8. If Plaintiff fails to affirmatively link the conduct of the defendant with the specific injury suffered by Plaintiff, the allegation against that defendant will be dismissed for failure to state a claim. Conclusory allegations that a defendant has violated a constitutional right are not acceptable and will be dismissed.

3) Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint," and it must be retyped or rewritten in its entirety on the court-approved form. The First Amended Complaint may not incorporate any part of the Complaint by reference.

---

the Fourteenth Amendment protects pretrial detainees).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 13-0710 AG (JCG) | Date | March 5, 2013 |
|---|---|---|---|
| Title | Leon Banks v. John Doe, *et al.* | | |

4) As a rule, any amended complaint supersedes previously filed complaints. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.1992). Thus, after amendment, the Court will treat the Complaint as nonexistent. *Id.*

**IT IS SO ORDERED**.

cc: Parties of Record

00 : 00

Initials of Preparer    bm