UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | LA CV 13-0710 AG (JCG) | Date | July 2, 2015 |
|---|---|---|---|
| Title | *Leon Banks v. Deputy Leos et al.* | | |

| Present: The Honorable | Jay C. Gandhi, United States Magistrate Judge | | |
|---|---|---|---|
| Kristee Hopkins | None Appearing | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Petitioner: | | Attorneys Present for Respondent: |
| None Appearing | | None Appearing |

**Proceedings:**        (IN CHAMBERS) DEFENDANTS' MOTION TO DISMISS

The Court is in receipt of Defendants' motion to dismiss Plaintiff's Second Amended Complaint ("SAC"), or in the alternative, for a more definite statement ("Motion"), Plaintiff's opposition, and Defendants' reply.  (*See* Dkt. Nos. 41, 46, 49, 50.)

For the reasons discussed below, the Motion is denied.

I.    Legal Standards

    A.    Motion to Dismiss

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may move to dismiss a complaint for "failure to state a claim upon which relief can be granted."  Dismissal for failure to state a claim "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988, *as amended* 1990).

In determining whether a complaint states a claim, its allegations must be accepted as true and construed in the light most favorable to plaintiff.  *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989, *as amended* 1990).  However, the "[f]actual allegations must be enough to raise a right to relief above the speculative level."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Thus, a complaint must contain "enough facts to state a claim to relief that is plausible on its face."  *Id.* at 570.  A claim has facial plausibility when the plaintiff pleads enough factual content to allow a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | LA CV 13-0710 AG (JCG) | Date | July 2, 2015 |
|---|---|---|---|
| Title | *Leon Banks v. Deputy Leos et al.* | | |

  B.  <u>Motion for More Definite Statement</u>

  Under the requirements of notice pleading, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Where a complaint is "so vague or ambiguous that the [opposing] party cannot reasonably prepare a response," a party may move for a more definite statement. Fed. R. Civ. P. 12(e).

  II.  <u>Discussion</u>

  By way of background, the SAC alleges that on or about March 18, 2009, several Los Angeles County Sheriff's Department deputies assaulted Plaintiff, then a pre-trial detainee, at the Los Angeles County Jail. (SAC at 5-9.) Plaintiff further claims that Defendants denied him the medical care required to treat the injuries that resulted from that assault. (*Id.* at 9-10.)

  Based on these alleged events, Plaintiff, proceeding *pro se*, has brought suit under 28 U.S.C. § 1983, for violation of his first, fourth, eighth, and fourteenth amendment rights. (*Id.* at 5-10.)

  Now, Defendants argue that: (1) the SAC should be dismissed because Plaintiff's action was untimely filed; (2) Plaintiff's claim for inadequate medical care should be dismissed for failure to state a claim; and (3) absent dismissal, Plaintiff should be compelled to file a more definite statement of his claims. (Mot. at 4-7.)

  A.  <u>Plaintiff's Action Was Timely Filed</u>

  First, Defendants claim that this action must be dismissed as untimely. (*Id.* at 4-6.)

  Generally, because § 1983 does not contain its own statute of limitations, "federal courts borrow the statute of limitations . . . applicable to personal injury claims in the forum state." *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999). In California, this period is two years. Cal. Civ. P. Code § 335.1; *Canatella v. Van De Kamp*, 486 F.3d 1128, 1132 (9th Cir. 2007).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | LA CV 13-0710 AG (JCG) | Date | July 2, 2015 |
|---|---|---|---|
| Title | *Leon Banks v. Deputy Leos et al.* | | |

In § 1983 cases, federal courts also borrow the forum state's tolling rules. *TwoRivers*, 174 F.3d at 992. In California, for persons imprisoned at the time the cause of action accrued, "the time of that disability is not part of the time limited for the commencement of the action, not to exceed two years." Cal. Civ. P. Code § 352.1. Importantly, pre-conviction incarceration qualifies for such tolling. *See Elliott v. City of Union City*, 25 F.3d 800, 802 (9th Cir. 1994) ("'actual, uninterrupted incarceration is the touchstone' for assessing tolling under § 352(a)(3), which covers all post-arrest custody") (citation omitted).

Here, Plaintiff's claim accrued on the date of the alleged assault, March 18, 2009. (*See* SAC at 5); *see also TwoRivers*, 174 F.3d at 991-92 ("[A] claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action."). Plaintiff was incarcerated then, and remains incarcerated now. (*See* SAC at 1, 5; Dkt. No. 32.) As such, the statute of limitations tolled for two years, until March 18, 2011. At that point, Plaintiff had two years to lodge a complaint – until March 18, 2013.

Thus, Plaintiff's action, lodged on February 1, 2013, is timely. (*See* Dkt. No. 1.)

      B.    <u>Plaintiff Has Sufficiently Alleged Inadequate Medical Care</u>

Second, Defendants argue that Petitioner insufficiently alleges his claim for inadequate medical care. (Mot. at 6-7.)

As a rule, to state a claim for inadequate medical care under the Eighth Amendment, a plaintiff must prove that defendants acted with "deliberate indifference to [his] serious medical needs." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). The plaintiff must first establish a "serious medical need by demonstrating that [the] failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain." *Id.* (citation omitted). The plaintiff must then show that defendants' response to the medical need was deliberately indifferent. *Id.* To show deliberate indifference, a prisoner must show (a) a purposeful act or failure to respond to the prisoner's pain or possible medical need, and (b) harm caused by the indifference. *Id.*

In this case, Plaintiff alleges that Defendants punched, kicked, and pepper-sprayed him, and then placed him in segregated housing without access to medical care. (SAC at 9-10.) As a result, Plaintiff alleges that he suffered facial bruising, blood clots in both

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | LA CV 13-0710 AG (JCG) | Date | July 2, 2015 |
|---|---|---|---|
| Title | *Leon Banks v. Deputy Leos et al.* | | |

eyes, and a large cut on the inside of his lips. (*Id.* at 10.) On these facts, a jury could find both serious medical need and deliberate indifference. *See Jett*, 439 F.3d at 1096; *Lopez v. Smith*, 203 F.3d 1122, 1131-32 (9th Cir. 2000); *Doty v. County of Lassen*, 37 F.3d 540, 546 n.3 (9th Cir. 1994).

Thus, Plaintiff has sufficiently alleged his inadequate medical care claim.

C. <u>A More Definite Statement Is Not Needed</u>

Third, Defendants argue that – absent dismissal of the SAC – Plaintiff should be compelled to submit a more definite statement of his claims. (Mot. at 7-9.)

However, the SAC contains a short and plain statement of Plaintiff's claims, such that Defendants are not prevented from reasonably preparing a responsive pleading. (*See* SAC at 5-10); *see also* Fed. R. Civ. P. 8(a)(2); Fed. R. Civ. P. 12(e).

Thus, the SAC meets the requirements of notice pleading, and a more definite statement is not required.

III. <u>Order</u>

Accordingly, Defendants' Motion, [Dkt. Nos. 41, 46], is **DENIED**.

**IT IS SO ORDERED**.

cc: Parties of Record

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Clerk | kh | | |